IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE MARIE PACE, #57197-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:20-CV-3310-D-BK (CRIMINAL NO. 3:18-CR-6-D-48) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Movant Michelle Marie Pace. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

In 2019, Pace plead guilty to one count of possession of a controlled substance with intent to distribute. *See United States v. Pace*, 3:18-cr-00006-D-48, Crim. Doc. 1372 (N.D. Tex. May 30, 2019). On October 31, 2019, pursuant to a plea agreement that stipulated the appropriate term of imprisonment was within the range of 120 to 180 months, the Court sentenced Pace to 180 months' imprisonment. *See* Crim. Doc. 1616 at 2. Pace did not file a direct appeal. On November 2, 2020, however, Pace filed this § 2255 motion asserting ineffectiveness of counsel and challenging the voluntariness of her guilty plea. Doc. 3 at 4-8.

Pace subsequently filed a memorandum of law in support of her motion. Doc. 5. The Government filed a response in opposition. Doc. 14. Pace did not file a reply.

## II. ANALYSIS

### A. Applicable Law

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient performance under *Strickland*, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* This inquiry "focuses on a defendant's decisionmaking." *Lee v. United States*, ---U.S.---, 137 S. Ct. 1958, 1966 (2017). "When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, we do not ask whether, had he gone to trial, the result of that trial 'would have been different' than the result of the plea…" *Id.* at 1965. Nonetheless, a defendant's

prospects at trial are relevant to whether he or she would have gone to trial instead of pleading guilty. *See Hill*, 474 U.S. at 59. "But that is not because the prejudice inquiry in this context looks to the probability of a conviction for its own sake. It is instead because defendants obviously weigh their prospects at trial in deciding whether to accept a plea." *Lee*, 137 S. Ct. at 1966.

In addition, to be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (finding that to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence"). And "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

When challenging the validity of his guilty plea, a defendant ordinarily may not refute his sworn testimony given at the plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

### B. Pace's Guilty Plea was Voluntary, Knowing, and Intelligent.

Pace claims that her attorney coerced her into pleading guilty because he did not advise her that she had a right to a jury trial and then forced her to plead guilty despite her desire to have a jury trial. Doc. 5 at 8-10. The record refutes this claim. At her rearraignment hearing, the Court warned Pace that she was giving up several constitutional rights by pleading guilty. Crim. Doc. 1726 at 18-22. She said under oath that she understood that she had "the right to plead not guilty and [she was] entitled to a trial by a jury," and if she plead guilty, "there [would] be no trial of any kind and [she] would have waived her right to a trial." Crim. Doc. 1726 at 19, 22. Pace also testified that her plea was voluntary and that no one had "attempted in any way to force [her] to plead guilty." Crim. Doc. 1726 at 16. These statements create a presumption that the plea is, in fact, valid. *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (citation omitted).

Pace has not disturbed that presumption. Notably, when Pace expressed uncertainty about the provisions of her plea agreement, the Court indicated that it was "inclined to set the case for trial and try the case," if Pace was hesitant about pleading guilty. The Court then gave Pace a chance to further discuss the guilty plea with her counsel, after which she told the Court that she wanted to proceed with the guilty plea. Crim. Doc. 1726 at 15-16; *see also Washington*, 480 F.3d at 315 ("When, as here, a defendant equivocates about a plea, the district court may accept the plea if, after sufficient time to consult with counsel, the defendant announces he is ready to plead guilty and the waiver is knowing and voluntary.").

Pace's signed plea agreement also confirms that her plea was voluntary, knowing, and intelligent. *See* Crim. Doc. 1372 at 8. It specifically notes that by signing it, Pace was waiving her right to a jury trial. And the agreement also clearly states that it was made "freely and

voluntarily" and was "not the result of force or threats, or of promises apart from those set forth in this plea agreement…." *See* Crim. Doc. 1372 at 6. As Pace presents nothing but conclusory allegations in attempt to refute her sworn testimony and averments in the plea agreement she signed, her claim that her plea was involuntary, unknowing, or unintelligent is meritless and should be denied. *See, e.g.*, *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979) ("Ordinarily, a defendant will not be heard to refute his testimony given under oath when pleading guilty.").

### C. Pace's Pre-Plea Ineffective Assistance of Counsel (IAC) Claims Are Unsupported

Pace claims that her attorney was ineffective prior to her guilty plea because he failed to file a suppression motion, failed to investigate, and failed to advise her of her sentence exposure. *See* Doc. 5 at 5-8. Although unclear, Pace seems to suggest that she would not have plead guilty had her attorney filed a suppression motion, further investigated her case, or properly advised her of the possible sentencing range. To the extent that they relate the voluntariness of her plea, the Court addresses the merits of these claims, which fail for multiple reasons.

First, Pace does not show prejudice. She has not alleged that she would have proceeded to trial if her counsel had filed a suppression motion, conducted further investigation, or advised her of her possible sentencing exposure. Thus, her pre-guilty-plea IAC claims fail.

But even if she had alleged prejudice, "Courts should not upset a plea solely because of post hoc assertions from a defendant about how [she] would have pleaded but for [her] attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967. Here, the evidence that Pace was supplying methamphetamine to another dealer was overwhelming. According to the PSR, which

Page **5** of **11**

was accepted in relevant part at sentencing, investigators observed the dealer meet with Pace, retrieve a package from her house, and leave it in his car. Crim. Doc. 1558-1 at 11. When law enforcement later conducted a traffic stop on the other dealer, they found that the package contained one kilogram of methamphetamine. Crim. Doc. 1558-1 at 12. A search of Pace's house resulted in the seizure of over 400 grams of methamphetamine wrapped in individual baggies. Crim. Doc. 1558-1 at 12. When Pace was eventually arrested, she had two cellphones, four handheld butane torches, a glass smoking pipe, and 3.8 grams of methamphetamine. Crim. Doc. 1558-1 at 12. So, even if Pace had claimed she would have gone to trial if her attorney had filed a motion to suppress, investigated more, or advised her of her possible sentencing exposure, the overwhelming evidence against her would undercut that assertion and militate against a finding of prejudice.

Finally, the IAC claims lack substantive merit. Regarding the suppression motion, "[a] meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim."). Pace claims in conclusory fashion that there were "readily arguable issues regarding the validity of the search of Petitioner's vehicle and residence." *See* Doc. 5 at 5. But she does not identify what those issues were. There is no indication that Pace's vehicle was ever searched. If Pace is contesting the search of codefendant Probeck's car, which did result in the seizure of a box of methamphetamine, she lacks standing to do so. *See* Crim. Doc. 1558-1 at 11. A defendant's standing in this context "depends on 1) whether the defendant is able to establish an actual, subjective expectation of privacy with respect to the place being searched or items being seized,

and 2) whether that expectation of privacy is one which society would recognize as [objectively] reasonable." *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990) (citation omitted). Pace did not own the vehicle at issue and was not even in it when the search happened. *See United States v. Ramirez*, 117 F. App'x 901, 903 (5th Cir. 2004) ("Ramirez did not have a possessory interest in the vehicle, nor was he even in it when it was stopped. Therefore, the district court did not err in concluding that Ramirez did not have a legitimate expectation of privacy in the vehicle.") (citing *Rakas v. Illinois*, 439 U.S. 128, 149 (1978)). She lacked standing to contest the vehicle search, so a motion to suppress would have been frivolous, and counsel is not required to file frivolous motions. *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (concluding that counsel is not required to make futile motions or frivolous objections). As for the search of her home, Pace does not explain how this search—conducted pursuant to a warrant—violates the Fourth Amendment. *See* Crim Doc. 1558-1 at 12. Conclusory allegations of ineffective assistance do not raise a constitutional issue in a habeas proceeding. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Turning to Pace's failure-to-investigate claim, it is also too conclusory to support relief. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). If the claim is that the attorney failed to call helpful witnesses, to show prejudice, the habeas petitioner must name the witness; demonstrate that the witness was available to testify and would have done so, setting out the contents of the witness's proposed testimony; and show that the testimony would have been favorable to a particular defense. *Woodford v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

Pace has not done any of that. She has not identified any evidence that her attorney should have discovered in preparing her defense, much less anything that would have altered the outcome of the proceedings. Nor has she specified what kind of expert witness her attorney should have retained, the availability of such an expert, or how the expert's testimony would have helped her case. Thus, her failure-to-investigate claim is also meritless.

As for the claim that her lawyer did not properly advise her of her possible sentencing exposure, the record belies it. And, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Here, Pace's plea agreement—which states that Pace's counsel explained all aspects of it to her, and which Pace signed—unambiguously states that Pace faced a sentence of 120 to 180 months. *See* Crim. Doc. 1372 at 3. Further, Pace confirmed under oath at rearraignment that her attorney had discussed the sentencing guidelines with her and had explained how they worked. *See* Crim. Doc. 1726 at 26.

In sum, due to Pace's failure to show deficient performance or prejudice, her pre-plea IAC claims lack merit.

**D. Pace's Sentencing-Based IAC Claims are Unsupported.**

Pace makes IAC claims related to her counsel's performance at her sentencing. These claims are also meritless. In the sentencing context, the movant must demonstrate that [her] sentence was *increased* by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001). Pace argues that her attorney did not file any objections to the PSR, Doc. 5 at 8, but this is factually inaccurate. Pace's attorney filed a response to the PSR that includes 17 written objections. Crim. Doc. 1574. In any event, Pace

Page 8 of 11

does not indicate which portions of the PSR (besides those to which her attorney already objected) were objectionable. She simply alleges in conclusory fashion that "by failing to file any objections to the PSR, defense counsel put Petitioner at the mercy of the sentencing judge to interpose his own judgment for that of a jury to which Petitioner would have otherwise been entitled." Doc. 5 at 9. This fact-bare assertion is not sufficient to show that her counsel's performance led to a stiffer sentence.

Next, Pace claims her attorney failed to "investigate and present appropriate mitigation evidence at the penalty phase." Doc. 5 at 10. She specifically mentions that her attorney failed to present sufficient and prepared character witnesses. Doc. 5 at 10. Again, the record refutes this claim. At sentencing, Pace's attorney called her mother and daughter to testify about her upbringing and drug addiction. These witnesses testified at length on these matters, and there is no indication that either was "unprepared." *See* Crim. Doc. 1727 at 9-27. Based on this testimony, Pace's attorney argued that a lengthy prison sentence would not give Pace the help that she needed to escape her drug problem. *See* Crim. Doc. 1727 at 37-40. If Pace is claiming that her attorney should have called some other character witness or presented other mitigation evidence, the claim fails because Pace again does not provide the name of the desired witness, a summary of their expected testimony, or any evidence from which the Court could find that the witness was available and willing to testify. The same is true of any other mitigation evidence that her attorney purportedly failed to present: Pace does not identify it, so the Court is unable to assess the claim or whether the lack of evidence prejudiced Pace. Consequently, this claim fails as well.

Pace also argues that her counsel was ineffective for not emphasizing her mental health issues and addiction struggles at sentencing. Doc. 5 at 10. She claims that her counsel

Page **9** of **11**

"inexplicably failed to arrange for a mental health examination of Petitioner to ascertain the nature of addictions which Petitioner readily admitted" but were only minimally documented in the PSR. Doc. 5 at 11. The claim fails as a matter of fact. As noted, both character witnesses testified to Pace's addiction problems and mental health issues. Crim. Doc. 1727 at 9-27. And Pace's attorney continued to highlight those issues in argument and his questioning of Pace at sentencing. Crim. Doc. 1727 at 28, 37-40.

Regarding a mental health examination, the Court ordered that Pace's competency be evaluated before she plead guilty. Crim. Doc. 528. That evaluation found that Pace had severe drug and alcohol dependency, posttraumatic stress disorder, and depression. Crim. Doc. 1558-1 at 27. Pace does not explain what a further evaluation would have shown about her drug addiction and mental health issues. And without any articulation of that, the Court cannot determine that the failure to obtain an independent mental health examination prejudiced Pace. Thus, this claim likewise fails.

### III. CONCLUSION

For the foregoing reasons, Pace's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 14, 2022.

_[signature]_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).